IN THE SUPERIOR COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CHRISTOPHER PAUL PEARSON, and MARSHA ANNE PEARSON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>)<br>) |
| DR. WILLIAM M. WININGER, SR., individually and as an officer of The King's Way Baptist Church, Inc., and The King's Way Christian School, | )<br>)<br>)<br>)<br>) |
| JOE HAYMAN, individually and as an officer of The King's Way Baptist Church, Inc., | )<br>)<br>)<br>) |
| DR. RAY CONWAY, SR., individually and as an officer of the King's Way Baptist Church and as Administrator of The King's Way Christian School, | )<br>)<br>)<br>)<br>) |
| THE KING'S WAY BAPTIST CHURCH, INC., and | )<br>)<br>) |
| THE KING'S WAY CHRISTIAN SCHOOL, | )<br>)<br>) |
| Defendants. | ) |

CIVIL ACTION FILE
NO.: 15CV02374

FILED

2015 OCT 30  AM 8: 13

[illegible stamp] CLERK

## ANSWER OF DEFENDANT DR. WILLIAM M. WININGER, SR.

COME NOW Dr. William M. Wininger, Sr. ("Defendant Wininger"), a co-Defendant herein, and sets forth the following as his Answer against the Plaintiffs Christopher Paul Pearson and Marsha Anne Pearson (collectively "Plaintiffs", individually "M. Pearson" and "C. Pearson"):

### FIRST AFFIRMATIVE DEFENSE

1.

Under O.C.G.A. § 9-11-12(b)(6), the Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### 2.

Under O.C.G.A. § 9-11-8(c), the Plaintiffs' claims are barred by estoppel, laches, res judicata, the statute of limitations, and waiver, among other affirmative defenses.

## ANSWER

### 3.

The Defendant Wininger lacks information sufficient to admit or deny the allegations contained in paragraph 1 of the Plaintiffs' Complaint.

### 4.

The Defendant Wininger admits the allegations contained in paragraph 2 of the Plaintiffs' Complaint.

### 5.

The Defendant Wininger admits the allegations contained in paragraph 3 of the Plaintiffs' Complaint.

### 6.

The Defendant Wininger admits the allegations contained in paragraph 4 of the Plaintiffs' Complaint.

### 7.

The Defendant Wininger lacks information sufficient to admit or deny the allegations contained in paragraph 5 of the Plaintiffs' Complaint.

### 8.

The Defendant Wininger lacks information sufficient to admit or deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

### 9.

The Defendant Wininger admits the allegations contained in paragraph 7 of the Plaintiffs' Complaint.

10.

The Defendant Wininger admits the allegations contained in paragraph 8 of the Plaintiffs' Complaint insofar as the Notice of Right to Sue being issued by the Equal Employment Opportunity Commission, but he lacks sufficient information to admit or deny that all other conditions precedent have been performed.

11.

The Defendant Wininger admits the allegations contained in paragraph 9 of the Plaintiffs' Complaint.

12.

The Defendant Wininger admits the allegations contained in paragraph 10 of the Plaintiffs' Complaint insofar as the Plaintiff M. Pearson being employed by the Defendants The King's Way Baptist Church, Inc. ("Church") and The King's Way Christian School ("School"). However, the Defendant Wininger adds that the Plaintiff M. Pearson did not have the same classroom each year.

13.

The Defendant Wininger admits the allegations contained in paragraph 11 of the Plaintiffs' Complaint.

14.

The Defendant Wininger admits the allegations contained in paragraph 12 of the Plaintiffs' Complaint insofar as the positions allegedly held by the Defendants Wininger and Dr. Ray Conway, Sr. ("Conway"). However, the Defendant Wininger adds that he was not the Supervisor of the Defendant School as of when the Plaintiff M. Pearson was terminated from her employment.

15.

Notwithstanding the date(s) and/or time(s) alleged in paragraph 13 of the Plaintiffs' Complaint, the Defendant Wininger admits he hugged the Plaintiff M. Pearson multiple times

during the years without the Plaintiff M. Pearson ever complaining about it. The incidents occurred in a classroom that anyone could enter at any time, including parents who were dropping their children off at school.

16.

The Defendant Wininger denies the allegations contained in paragraph 14 of the Plaintiffs' Complaint.

17.

Notwithstanding the date(s) alleged in paragraph 15 of the Plaintiffs' Complaint, the Defendant Wininger denies trying to kiss the Plaintiff M. Pearson, and he denies the Plaintiff M. Pearson told him, "No."

18.

Notwithstanding the date(s) alleged in paragraph 16 of the Plaintiffs' Complaint, the Defendant Wininger denies sexually assaulting the Plaintiff M. Pearson, and he adds that the walls of the classrooms were so thin that shouting by anyone would likely have been heard in other rooms and would have immediately raised questions about what was occurring.

19.

The Defendant Wininger denies the allegations contained in paragraph 17 of the Plaintiffs' Complaint.

20.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 18 of the Plaintiffs' Complaint.

21.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 19 of the Plaintiffs' Complaint concerning what knowledge the Plaintiff M. Pearson may or may not have possessed about allegations of misconduct by the Defendant

Wininger in Michigan.  The Defendant Wininger adds that Michigan law enforcement investigated the allegations and deemed them "unfounded."

22.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 20 of the Plaintiffs' Complaint.

23.

The Defendant Wininger admits the allegations contained in paragraph 21 of the Plaintiffs' Complaint.

24.

The Defendant Wininger denies the allegations contained in paragraph 22 of the Plaintiffs' Complaint.

25.

The Defendant Wininger denies the allegations contained in paragraph 23 of the Plaintiffs' Complaint.

26.

The Defendant Wininger admits the allegations contained in paragraph 24 of the Plaintiffs' Complaint except for the allegation that the Michigan case may have been related to the Defendant Wininger's alleged behavior, which allegation the Defendant Wininger denies.

27.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 25 of the Plaintiffs' Complaint.

28.

Notwithstanding the date alleged in paragraph 26 of the Plaintiffs' Complaint, the Defendant Wininger admits the allegation about his resignation.

29.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 27 of the Plaintiffs' Complaint.

30.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 28 of the Plaintiffs' Complaint.

31.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 29 of the Plaintiffs' Complaint.

32.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 30 of the Plaintiffs' Complaint.

33.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 31 of the Plaintiffs' Complaint.

34.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 32 of the Plaintiffs' Complaint.

35.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 33 of the Plaintiffs' Complaint.

36.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 34 of the Plaintiffs' Complaint.

37.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 35 of the Plaintiffs' Complaint.

38.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 36 of the Plaintiffs' Complaint.

39.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 37 of the Plaintiffs' Complaint.

40.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 38 of the Plaintiffs' Complaint.

41.

The Defendant Wininger denies the allegations contained in paragraph 39 of the Plaintiffs' Complaint.

42.

The Defendant Wininger denies the allegations contained in paragraph 40 of the Plaintiffs' Complaint.

43.

The Defendant Wininger admits the allegations contained in paragraph 41 of the Plaintiffs' Complaint.

44.

The Defendant Wininger denies the allegations contained in paragraph 42 of the Plaintiffs' Complaint.

45.

The Defendant Wininger denies the allegations contained in paragraph 43 of the Plaintiffs' Complaint.

46.

The Defendant Wininger denies the allegations contained in paragraph 44 of the Plaintiffs' Complaint.

47.

The Defendant Wininger admits the allegations contained in paragraph 45 of the Plaintiffs' Complaint insofar as both Defendants being in supervisory positions but the Defendant Wininger denies being the Plaintiff M. Pearson's supervisor as of the date of her termination from employment.

48.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 46 of the Plaintiffs' Complaint.

49.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 47 of the Plaintiffs' Complaint.

50.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 48 of the Plaintiffs' Complaint.

51.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 49 of the Plaintiffs' Complaint.

52.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 50 of the Plaintiffs' Complaint.

53.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 51 of the Plaintiffs' Complaint.

54.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 52 of the Plaintiffs' Complaint.

55.

The Defendant Wininger admits the Plaintiff M. Pearson was terminated from further employment but he lacks sufficient information to admit or deny the remaining allegations contained in paragraph 53 of the Plaintiffs' Complaint.

56.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 54 of the Plaintiffs' Complaint.

57.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 55 of the Plaintiffs' Complaint.

58.

The Defendant Wininger denies the allegations contained in paragraph 56 of the Plaintiffs' Complaint.

59.

The Defendant Wininger denies the allegations contained in paragraph 57 of the Plaintiffs' Complaint.

60.

The Defendant Wininger denies the allegations contained in paragraph 58 of the Plaintiffs' Complaint.

61.

The Defendant Wininger denies the allegations contained in paragraph 59 of the Plaintiffs' Complaint.

62.

The Defendant Wininger admits the allegations contained in paragraph 60 of the Plaintiffs' Complaint insofar as both Defendants being in supervisory positions but the Defendant Wininger denies being the Plaintiff M. Pearson's supervisor as of the date of her termination from employment.

63.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 61 of the Plaintiffs' Complaint.

64.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 62 of the Plaintiffs' Complaint.

65.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 63 of the Plaintiffs' Complaint.

66.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 64 of the Plaintiffs' Complaint, and he adds that he worked at or for certain of the other Defendants for approximately fifteen (15) years before the allegations of wrongdoing in this case arose.

67.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 65 of the Plaintiffs' Complaint, and he adds that he worked at or for

certain of the other Defendants for approximately fifteen (15) years before the allegations of wrongdoing in this case arose.

68.

The Defendant Wininger denies the allegations contained in paragraph 66 of the Plaintiffs' Complaint.

69.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 67 of the Plaintiffs' Complaint, and he adds that during a court proceeding in his related Douglas County criminal case, the Plaintiff M. Pearson read a letter to him in which she stated how great her family was doing.

70.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 68 of the Plaintiffs' Complaint.

71.

The Defendant Wininger denies the allegations contained in paragraph 69 of the Plaintiffs' Complaint.

72.

The Defendant Wininger admits the allegations contained in paragraph 70 of the Plaintiffs' Complaint.

73.

The Defendant Wininger lacks sufficient information to admit or deny the allegations contained in paragraph 71 of the Plaintiffs' Complaint, and he adds that during a court proceeding in his related Douglas County criminal case, the Plaintiff M. Pearson read a letter to him in which she stated how great her family was doing.

74.

The Defendant Wininger denies the allegations contained in paragraph 72 of the Plaintiffs' Complaint.

75.

The Defendant Wininger denies the allegations contained in paragraph 73 of the Plaintiffs' Complaint.

76.

The Defendant Wininger denies the allegations contained in paragraph 74 of the Plaintiffs' Complaint.

77.

The Defendant Wininger denies the allegations contained in paragraph 75 of the Plaintiffs' Complaint.

78.

The Defendant Wininger denies the allegations contained in paragraph 76 of the Plaintiffs' Complaint.

79.

The Defendant Wininger denies the allegations contained in paragraph 77 of the Plaintiffs' Complaint.

80.

All other allegations contained in the Complaint that have not heretofore been admitted are hereby denied.

WHEREFORE, the Defendant Wininger prays as follows:

(a)   That judgment be entered in the Defendant's favor and against the Plaintiffs on the counts set forth in the Plaintiffs' Complaint;

(b)   All Attorney fees and filing costs; and

(c)     That the Court afford the Defendant all other and further relief at law or in

equity as it may deem necessary or appropriate in the interest of justice.

Respectfully submitted,

J. Mac C. Pilgrim
Georgia Bar No. 141955
Daniel E. Rice
Georgia Bar No. 183746
Attorneys for Defendant

THE PILGRIM LAW GROUP, LLC
845 South Carroll Road, Ste A & B
P.O. Box 2200
Villa Rica, Georgia 30180
Telephone: (770) 459-9210
mac@theplg.net

IN THE SUPERIOR COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

FILED

2015 OCT 30  AM 8: 13

JERRY &. STRICKLAND
DOUGLAS COUNTY, GA
TAMMY H. HOWARD, CLERK

| | | |
|---|---|---|
| CHRISTOPHER PAUL PEARSON, and<br>MARSHA ANNE PEARSON,<br><br>     Plaintiffs,<br><br>vs.<br><br>DR. WILLIAM M. WININGER, SR.,<br>individually and as an officer of The King's<br>Way Baptist Church, Inc., and The King's<br>Way Christian School,<br><br>JOE HAYMAN, individually and as an<br>officer of The King's Way Baptist Church,<br>Inc.,<br><br>DR. RAY CONWAY, SR., individually<br>and as an officer of the King's Way<br>Baptist Church and as Administrator of<br>The King's Way Christian School,<br><br>THE KING'S WAY BAPTIST CHURCH,<br>INC., and<br><br>THE KING'S WAY CHRISTIAN<br>SCHOOL,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE<br>NO.: 15CV02374 |

## **VERIFICATION**

I, William M. Wininger, Sr., do hereby on this _2 9_ day of _OCTOBER_, 2015, verify and confirm that my Answer to the Plaintiffs' Complaint is truthful and accurate to the best of my knowledge.


_William M. Wininger, Sr._
William M. Wininger, Sr.


Sworn to and subscribed before me
this _29_ day of _October_, 2015.

_Sylvia Borders_
Notary Public      Sylvia Borders
My Commission Expires
August 12, 2016

IN THE SUPERIOR COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

FILED

2015 OCT 30  AM 8: 13

DOUGLAS COUNTY, GA
HARRY M. HOWARD, CLERK

| | | |
|---|---|---|
| CHRISTOPHER PAUL PEARSON, and MARSHA ANNE PEARSON, | ) ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiffs, | ) | NO.: 15CV02374 |
| | ) | |
| vs. | ) | |
| | ) | |
| DR. WILLIAM M. WININGER, SR., individually and as an officer of The King's Way Baptist Church, Inc., and The King's Way Christian School, | ) ) ) ) | |
| | ) | |
| JOE HAYMAN, individually and as an officer of The King's Way Baptist Church, Inc., | ) ) ) | |
| | ) | |
| DR. RAY CONWAY, SR., individually and as an officer of the King's Way Baptist Church and as Administrator of The King's Way Christian School, | ) ) ) ) | |
| | ) | |
| THE KING'S WAY BAPTIST CHURCH, INC., and | ) ) | |
| | ) | |
| THE KING'S WAY CHRISTIAN SCHOOL, | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WILLIAM M. WININGER'S FIRST REQUESTS
FOR ADMISSIONS TO THE PLAINTIFFS AND ALL OTHER DEFENDANTS**

To:     The Plaintiffs and All Other Defendants

COMES NOW the Defendant Dr. William M. Wininger, Sr. ("Defendant Wininger"),

and pursuant to O.C.G.A. § 9-11-36, propounds these Requests for Admissions to the Plaintiffs

and all other Defendants in the above-styled action.  The Plaintiffs and all other Defendants are

requested to admit the following matters separately and fully in writing and under oath and to

serve a copy of said admissions upon counsel for the Defendant Wininger within thirty (30) days

1

of the service of these requests.  If the production or identification of any documents or things is objected to, please give a sufficient description of each item so that the Court can determine if the objection is valid.

> _NOTE A_:      These Requests shall be deemed as continuing so as to require supplemental answers if you or your attorney obtains further information between the time Admissions are served and the time of the trial.  Any such supplemental answers should be filed and served upon counsel for the Defendant Wininger within fifteen (15) days from receipt of such additional information, but in any event, no later than at the time of the trial, in accordance with O.C.G.A. § 9-11-26(e).

> _NOTE B_:      When used in these discovery requests, the words "Plaintiff(s)", "Defendant(s)," "you" or "your" or any other word referring to the party or parties to whom these discovery requests are directed, should be interpreted to include – in addition to the said party or parties – all agents, servants, employees, representatives, attorneys, or other persons or entities from whom information sought by these discovery requests is accessible to the party or parties to whom they are directed.

> _NOTE C_:      When used in these discovery requests, the words "Document," "documents," and "writing," mean all records, papers, transcriptions, pictures, drawings or diagrams of every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, whether in your actual or constructive possession or under your control or not, relating or pertaining in any way to the subject matters in connection to which it is used, all originals, file copies, and all other copies, no matter how prepared, and include, without limitation:  records, reports, agreements, video, audio and other electronic recordings, memoranda, notes, electronic mail, facsimiles, photographs, maps, drawings, diagrams, sketches, analyses, transcripts, and any other documents within defendants' possession, custody, or control from which information can be

obtained.

## REQUESTS FOR ADMISSION

1.

Admit that the proceedings through the federal Equal Employment Opportunity Commission ("EEOC") were ex parte, i.e., the Defendant Wininger was not allowed to defend himself before the EEOC prior to the EEOC issuing the Notice of Right to Sue to the Plaintiff Marsha Anne Pearson ("Plaintiff M. Pearson").

2.

Admit that the Notice of Right to Sue is not a guarantee by the EEOC that the Plaintiffs herein will win this lawsuit.

3.

Admit that the Defendant Wininger hugged the Plaintiff M. Pearson multiple times.

4.

Admit that the Defendant Wininger never hugged the Plaintiff M. Pearson where no one else could witness his conduct.

5.

Admit that the Defendant Wininger never touched the Plaintiff M. Pearson in a sexual manner.

6.

Admit that the Defendant Wininger always touched the Plaintiff M. Pearson with her consent and/or without immediate protest by her.

7.

Admit that no statements by the Defendant Wininger to the Plaintiff M. Pearson

concerning her sons' attendance at the Defendant The King's Way Christian School ("School") denied free will to the Plaintiff M. Pearson.

8.

Admit that the Defendant Wininger never kissed the Plaintiff M. Pearson.

9.

Admit that the Defendant Wininger never sexually assaulted the Plaintiff M. Pearson.

10.

Admit that the Defendant Wininger never engaged in any conduct to remove or attempt to remove any of the Plaintiff M. Pearson's children from the Defendant School.

11.

Admit that the Plaintiff M. Pearson never personally investigated the allegations of misconduct from the Defendant Wininger's time in Michigan.

12.

Admit that the Defendant Wininger did not control the conduct of the Defendants Joe Hayman ("Hayman") and Dr. Ray Conway, Sr. ("Conway"), insofar as the allegations presented in the Complaint herein.

13.

Admit that the Defendant Wininger never prevented the Plaintiff M. Pearson from reporting allegations of wrongdoing by the Defendant Wininger to anyone else.

14.

Admit that the Defendant Wininger is not liable for any alleged conduct by any of the Defendants other than Defendant Wininger that allegedly occurred after the date the Defendant Wininger resigned.

4

15.

Admit that the Plaintiff M. Pearson's termination of employment was a result of her own conduct.

16.

Admit that the Plaintiff M. Pearson's termination of employment was not because of anything the Defendant Wininger may or may not have done to justify said termination.

17.

Admit that the Defendant Wininger's conduct toward the Plaintiff M. Pearson was never hostile nor abusive.

18.

Admit that the Plaintiff M. Pearson notified the Defendant Wininger during the pendency of his related Douglas County criminal case that she and her family were doing fine.

19.

Admit that the Defendant Wininger is not liable for any difficulty or trouble arising within the marital relationship between the Plaintiffs.

20.

Admit that the Defendant Wininger's conduct, insofar as this case is concerned, has not been in bad faith.

21.

Admit that the Defendant Wininger's conduct, insofar as this case is concerned, has not been stubbornly litigious.

22.

Admit that the Defendant Wininger's conduct, insofar as this case is concerned, has not

IN THE SUPERIOR COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

CHRISTOPHER PAUL PEARSON, and )
MARSHA ANNE PEARSON, )
          )   CIVIL ACTION FILE
   Plaintiffs, )   NO.: 15CV02374
          )
vs. )
          )
DR. WILLIAM M. WININGER, SR., )
individually and as an officer of The King's )
Way Baptist Church, Inc., and The King's )
Way Christian School, )
          )
JOE HAYMAN, individually and as an )
officer of The King's Way Baptist Church, )
Inc., )
          )
DR. RAY CONWAY, SR., individually )
and as an officer of the King's Way )
Baptist Church and as Administrator of )
The King's Way Christian School, )
          )
THE KING'S WAY BAPTIST CHURCH, )
INC., and )
          )
THE KING'S WAY CHRISTIAN )
SCHOOL, )
          )
   Defendants. )

## RULE 5.2 CERTIFICATE OF SERVICE

    I hereby certify that I have this day served counsel for the parties with the **DEFENDANT**

**DR. WILLIAM M. WININGER, SR.'S ANSWER, FIRST CONTINUING**

**INTERROGATORIES TO THE PLAINTIFFS AND ALL OTHER DEFENDANTS,**

**FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFFS**

**AND ALL OTHER DEFENDANTS, AND REQUESTS FOR ADMISSION TO THE**

**PLAINTIFFS AND ALL OTHER DEFENDANTS** by depositing a copy of same in the U.S.

Mail, properly addressed with sufficient first class postage thereon to insure delivery to:

Hartley, Rowe & Fowler, PC     Holberg & Weaver, LLP
Joseph H. Fowler        George M. Weaver
PO Box 489          2921 Piedmont Rd, NE, Ste C
Douglasville, Georgia 30133     Atlanta, Georgia 30305

This 29th day of October, 2015

Respectfully submitted,

J. Mac C. Pilgrim
Georgia Bar No. 141955
Daniel E. Rice
Georgia Bar No. 183746
Attorneys for Defendant

THE PILGRIM LAW GROUP, LLC
845 South Carroll Road, Ste A & B
P.O. Box 2200
Villa Rica, Georgia 30180
Telephone: (770) 459-9210
mac@theplg.net