IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER PAUL PEARSON and MARSHA ANNE PEARSON, Plaintiffs, v. DR. WILLIAM WININGER, SR., individually and as an officer of the King's Way Baptist Church, Inc. and the King's Way Christian School; JOE HAYMAN, and as an officer of the King's Way Baptist Church, Inc., DR. RAY CONWAY, SR., individually and as an officer of the King's Way Baptist Church, Inc. and as Administrator the King's Way Christian School; THE KING'S WAY BAPTIST CHURCH, INC., and THE KING'S WAY CHRISTIAN SCHOOL, Defendants. | CIVIL ACTION FILE NO. 1:15-cv-03849-AT-WEJ |

## JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE

1. **Description of the Case:**

    (a) **Describe briefly the nature of this action.**

    Plaintiffs contend that their rights under federal and state law were violated by alleged sexual harassment, assault, retaliation, and intentional infliction of emotional harm. Defendants deny these allegations.

- 1 -

**(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

Marsha Pearson is married to Christopher Pearson.  During 2007-2013, Marsha Pearson was employed as a K-5 teacher at the King's Way Christian School, which is operated by the King's Way Baptist Church, Inc.  Marsha Pearson contends that during 2010-2013, William Wininger, who was pastor of King's Way Baptist Church, made inappropriate sexual advances toward her.  She also contends that, as a result of her complaints concerning Wininger's conduct, her employment was terminated in 2013 by Joe Hayman, the new pastor of the church, and Ray Conway, administrator of the school.

Defendants deny that Marsha Pearson was sexually harassed, assaulted, or subjected to intentional infliction of emotional harm.  Allegations against Wininger by Marsha Pearson and another employee came to the attention of the church leadership in the fall of 2013.  Wininger and those who were involved with Wininger in unreported inappropriate relationships were asked to resign.

**(c)     The legal issues to be tried are as follows:**

(i)     Whether Wininger committed assaulted against Marsha Pearson;

(ii)    Whether Defendants intentionally inflicted emotional harm on Marsha Pearson;

(iii)   Whether, as a result of negligent hiring and/or retention,

- 2 -

King's Way Baptist Church, Inc. is liable for torts allegedly committed by Wininger;

(iv)     Whether King's Way Baptist Church, Inc. is liable for sexual harassment of Marsha Pearson;

(v)      Whether King's Way Baptist Church, Inc. is liable for retaliation against Marsha Pearson for activity protected by Title VII;

(vi)     Whether Defendants are liable for Christopher Pearson's alleged loss of consortium;

(vii)    What damages if any should be recovered;

(viii)   What punitive damages if any should be recovered;

(ix)     Whether Defendants are liable for Plaintiffs' attorney's fees; and

(x)      Whether Defendants are protected by the ministerial exception for religious institutions.

**(d)     The cases listed below (include both style and action number) are:**

**(1)     Pending Related Cases:**

Equal Employment Opportunity Commission v. The King's Way Baptist Church, Inc., CAFN 1:15-cv-03816-AT-WEJ (N.D. Ga.)

**(2)     Previously Adjudicated Related Cases:**

None.

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

   \_\_\_\_     **(1)     Unusually large number of parties**
   \_\_\_\_     **(2)     Unusually large number of claims or defenses**
   \_\_\_\_     **(3)     Factual issues are exceptionally complex**
   \_\_\_\_     **(4)     Greater than normal volume of evidence**
   \_\_\_\_     **(5)     Extended discovery period is needed**
   \_\_\_\_     **(6)     Problems locating or preserving evidence**
   \_\_\_\_     **(7)     Pending parallel investigations or actions by the government**
   \_\_\_\_     **(8)     Multiple use of experts**
   \_\_\_\_     **(9)     Need for discovery outside United States boundaries**
   \_\_\_\_     **(10)   Existence of highly technical issues and proof.**

The parties do not contend that this case is unusually complex.

**3.     Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:

      Joseph H. Fowler, Esq.
      Erica T. Taylor, Esq.
      HARTLEY, ROWE & FOWLER, P.C.
      P.O. Box 489
      Douglasville, GA 30133
      (770) 920-2000
      (770) 920-9119
      jfowler@hrflegal.com

Defendant Wininger:

        J. Mac C. Pilgrim, Esq.
        THE PILGRIM LAW GROUP, LLC
        845 S. Carroll Rd Suite A and B
        PO Box 2200
        Villa Rica, GA 30180
        (770) 459-9210
        (770) 459-9207
        thepilgrimlawgroup@yahoo.com

Defendants Hayman, Conway,
The King's Way Baptist Church, Inc., and
The King's Way School:

        David C. Gibbs, Jr., Esq.
        Seth Kraus, Esq.
        Gibbs & Associates Law Firm, LLC
        5700 Gateway Boulevard, Suite 400
        Mason, OH 45040
        Tel: (513) 234-5545
        Fax: (513) 298-0066
        www.gibbs-lawfirm.com
        skraus@gibbs-lawfirm.com
        (pro hac vice motion to be filed)

        George M. Weaver
        Eric P. Wilborn
        HOLLBERG & WEAVER, LLP
        2921 Piedmont Road, NE
        Suite C
        Atlanta, Georgia 30305
        (404) 760-1116
        gweaver@hw-law.com
        ewilborn@hw-law.com

**4.      Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**____Yes     X     No**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.      Parties to This Action**

**(a)      The following persons are necessary parties who have not yet been joined:**

The parties to this case agree that the EEOC should be joined as a Plaintiff and this case should be consolidated with the pending related case, <u>Equal Employment Opportunity Commission v. The King's Way Baptist Church, Inc.,</u> CAFN 1:15-cv-03816-AT-WEJ (N.D. Ga.).

**(b)      The following persons are improperly joined as parties:**

Defendants contend that The King's Way Christian School is not a proper party in that it is not a legal entity that is capable of being sued.

**(c)      The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)      The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.      Amendments to the Pleadings**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)      **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

If the parties believe amendments to the pleadings are necessary, they will file appropriate motions.

(b)      **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.      Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be <u>filed WITHIN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed or should have been filed,</u> unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a)      *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)      *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)      *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony:*   **Daubert** motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. 26.   If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

None.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

No.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The subjects on which discovery may be needed include the elements of

Plaintiffs' claims for sexual harassment, assault, retaliation, and intentional

infliction of emotional harm in violation of federal and state law.  Discovery is also needed on Defendants' ministerial and other defenses.   Other subjects for discovery are the employment histories of the parties.

The parties may learn of additional subjects for discovery as the case proceeds.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not presently anticipate the need for extensions of the discovery period but may ask for additional time if needed.

**11.    Discovery    Limitation    and    Discovery    of    Electronically    Stored Information**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b)    Is any party seeking discovery of electronically stored information?**

**_____X_____ Yes                    _____ No**

**If "Yes,"**

**(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g. accessibility, search terms, date limitations, or key witnesses) as follows.**

Discovery of ESI will be subject to discovery requests served by the parties

and the normal rules of discovery.

**(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk) and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties will produce ESI in native format unless they agree otherwise

with respect to particular materials.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.     Other Orders**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties may seek a protective order governing the disclosure of sensitive

or confidential information including student records that are subject to the Family

Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

**13.     Settlement Potential**

**(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held November 18, 2013, and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to the party.**

**For plaintiff:  Lead counsel (signature):**     s/Joseph H. Fowler

**For Defendants: (Lead counsel (signature):**

s/J. Mac Pilgrim

s/George M. Weaver

**Other participants:**          Erica Taylor
                                 Co-Counsel for Plaintiffs

                                 David C. Gibbs, Jr.
                                 Co-Counsel for Defendants
                                 Other than Wininger

**(b)     All parties were promptly informed of all offers of settlement and following discussions by all counsel, it appears there is now:**

( X )   **A possibility of settlement before discovery.**
(____)  **A possibility of settlement after discovery.**
(____)  **A possibility of settlement, but a conference with the judge is needed.**
(____)  **No possibility of settlement.**

**(c)     Counsel ( X ) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.**

**(d)     The following specific problems have created a hindrance to settlement of this case:**

Factual and legal disputes.

**14.    Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 2010.**

**(b)    The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 25th day of November, 2015.


s/Joseph H. Fowler_____          s/George M. Weaver_____
Joseph H. Fowler        271950       George M. Weaver        743150
Erica T. Taylor,          382075     Eric P. Wilborn          557870
HARTLEY, ROWE & FOWLER, P.C.         HOLLBERG & WEAVER, LLP
Attorneys for Plaintiffs             Attorneys for Defendants other than
P.O. Box 489                         Wininger
Douglasville, GA 30133               2921 Piedmont Rd., Ste. C,
(770) 920-2000                       Atlanta, Georgia 30305
(770) 920-9119                       (404)760-1116
jfowler@hrflegal.com                 gweaver@hw-law.com
                                     ewilborn@hw-law.com


s/J. Mac C. Pilgrim_____
J. Mac C. Pilgrim        141955
THE PILGRIM LAW GROUP, LLC
Attorneys for Defendant Wininger
845 S. Carroll Rd Suite A and B
PO Box 2200
Villa Rica, GA 30180
(770) 459-9210
(770) 459-9207
thepilgrimlawgroup@yahoo.com

* * * * * * * * *

## SCHEDULING ORDER

Upon review of information contained in the Preliminary Report and

Discovery Schedule form completed and filed by the parties, the Court orders

that the time limits for adding parties, amending the pleadings, filing motions,

completing discovery, and discussing settlement are as stated in the above

completed form, except as herein modified.

IT IS SO ORDERED, this _____ day of _____, 2015.


_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER PAUL PEARSON and MARSHA ANNE PEARSON, Plaintiffs, v. DR. WILLIAM WININGER, SR., individually and as an officer of the King's Way Baptist Church, Inc. and the King's Way Christian School; JOE HAYMAN, and as an officer of the King's Way Baptist Church, Inc., DR. RAY CONWAY, SR., individually and as an officer of the King's Way Baptist Church, Inc. and as Administrator the King's Way Christian School; THE  KING'S WAY BAPTIST CHURCH, INC., and THE KING'S WAY CHRISTIAN SCHOOL, Defendants. | CIVIL ACTION FILE NO. 1:15-cv-03849-AT-WEJ |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

- 1 -

Joseph H. Fowler, Esq.
Erica T. Taylor, Esq.
HARTLEY, ROWE & FOWLER, P.C.
P.O. Box 489
Douglasville, GA 30133

J. Mac Pilgrim, Esq.
Daniel E. Rice, Esq.
THE PILGRIM LAW GROUP, LLC
845 S. Carroll Rd Suite A and B
PO Box 2200
Villa Rica, GA 30180


This 25th day of November, 2015.


                                                   s/George M. Weaver
                                               George M. Weaver        43150
                                               Eric P. Wilborn          563028
                                               Attorneys for all Defendants
                                               other than Wininger

HOLLBERG & WEAVER, LLP
2921 Piedmont Rd., Ste. C
Atlanta, GA  30305
(404) 760-1116
gweaver@hw-law.com
ewilborn@hw-law.com

- 2 -